CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 26 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VANCE SCOTT HENSLEY,<br>    Petitioner, | ) <br> ) <br> ) | Civil Action No. 7:10-cv-00003 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| DIR., DEPT. OF CORRECTIONS,<br>    Respondent. | ) <br> ) <br> ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Vance Scott Hensley, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that his guilty plea was not entered knowingly and voluntarily. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants the motion to dismiss.

I.

On October 18, 2007, the Circuit Court of Orange County entered petitioner's convictions for eluding police, felony destruction of property and misdemeanor destruction of property. Petitioner was initially charged with eluding police, attempted malicious wounding, resisting legal process, felony destroying property, driving while revoked, obstructing justice, driving under the influence, and misdemeanor destroying property. Pursuant to a written plea agreement, the petitioner pleaded guilty to eluding police and the two counts of destroying property. In return for petitioner's guilty plea, the Commonwealth agreed to nol pros the other charges. The circuit court sentenced petitioner to, inter alia, a total of ten years incarceration with four and a half years suspended.

The written plea agreement listed petitioner's felony charges with a summary of the factual allegations and the misdemeanor charge. Petitioner acknowledged that the plea

agreement was the sole embodiment of the agreement between petitioner and the Commonwealth. Petitioner further acknowledged that no other inducements, promises, threats, or coercion of any kind were imposed on or suggested to petitioner by any agent of the Commonwealth.

Petitioner also signed a "felony guilty plea form" which discussed the consequences of a guilty plea. On this form, petitioner acknowledged that he attended the twelfth grade, could read and write English, fully understood the charges against him, discussed pleading guilty with his attorney, decided for himself to plead guilty after that discussion, and entered a guilty plea because he was "aware of the evidence of the Commonwealth against [him] and [he] d[id] not wish to take the risk that [he] will be found guilty. . . ." Petitioner also acknowledged that no one connected with his arrest and prosecution, including his own attorney, forced him to plead guilty in any way or made any promises about his guilty plea. Finally, petitioner agreed before signing the form that he read the form or had it read to him, understood the form, and his statements were true. Petitioner reaffirmed these acknowledgments under oath during his guilty-plea hearing.[1] Both the felony guilty plea form and the guilty-plea hearing transcripts reflect petitioner acknowledged the waiver of his various procedural rights like a jury trial, right to not incriminate himself, and right to challenge the Commonwealth's evidence. Petitioner also informed the circuit court that, twenty-four hours prior to the guilty-plea hearing, he did not consume alcohol but did ingest Atenotol for blood pressure, Synthroid for his thyyroid, Indocid for gout, a prescribed pill for depression, and Tylenol. Petitioner reiterated that these medicines were

---

[1] Petitioner clarified during the hearing that he acknowledged entering a guilty plea to the felony eluding charge because he was, in fact, criminally culpable of the crime. (Tr. Tran 39:13-22.) Petitioner acknowledged that he pleaded guilty to the other charges because of the Commonwealth's evidence. (Id. 40.)

2

ordered by his correctional facility's doctor and taken in conformity with the doctor's orders. Petitioner told the circuit court that none of his medicines had any impact on his ability to understand the proceedings. (Tr. Tran. 53.) The circuit court accepted his guilty plea and entered his criminal judgment at a subsequent hearing.

Petitioner appealed, and the Court of Appeals of Virginia affirmed his convictions. No further appeal followed. Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which was denied on December 4, 2009. Hensley v. Dir., Dept. Of Corr., No. 091250, slip op. (Va. Dec. 4, 2009).

Petitioner timely filed the instant federal habeas petition. Petitioner argues that (1) his guilty plea was not tendered knowingly nor voluntarily because the circuit court did not inform him of the cause, nature, or maximum penalties of the charges and his plea was coerced. (Pet. (dkt. no. 13) 5.) Petitioner also argues that (2) his sentence is illegal because the presentence report contained errors and he did not have enough time to review it; (3) the two convictions for destruction of property constitute double jeopardy; (4) "prosecutorial misconduct" warrants his release; (5) police officers' attempt to enter his home to serve civil process violated the Fourth Amendment and the prosecutor's request to remand petitioner to pretrial custody without bond tricked him into pleading guilty; and (6) the police officer followed him too closely, in violation of state law, during petitioner's felony eluding and perjured himself before a grand jury, constituting "outrageous government conduct."

II.

A.

Following the respondent's motion to dismiss, petitioner filed a letter with the court,

which is construed as a motion to amend the petition. (Dkt. no. 31.) Petitioner submitted the amendment to include a new constitutional claim pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Petitioner alleges that the probation officer falsely testified during petitioner's sentencing hearing that petitioner had evidence of cocaine in his system upon his arrest. Petitioner did not argue the claim and its facts in the original petition.

Petitioner must receive leave of court to amend his petition because twenty-one days passed after respondent served his motion to dismiss. See Fed. R. Civ. P. 15(a). However, this amendment does not relate back to the filing of the original petition because the amendment asserts a new ground of relief supported by facts different in time and type than alleged in the original petition. See Mayle v. Felix, 545 U.S. 644, 650 (2005). Therefore, the court must determine whether the amendment was timely filed because it does not relate back to the petition.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[2] Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once

---

[2]The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2).

Petitioner's proposed amendment is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on August 20, 2008, when the time expired for petitioner to note an appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:14(a) (stating an appeal from the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his state habeas petition in June 2009, ten months after his conviction became final. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule).

The Supreme Court of Virginia denied the habeas petition on December 4, 2009. Accordingly, the time the habeas petition was pending before the Supreme Court of Virginia is tolled, and the federal habeas statute of limitations began running again for approximately twenty-six more days before petitioner filed the instant habeas on December 30, 2009. However, petitioner did not file the amendment until no earlier than April 1, 2010. Therefore, an additional three months passed between when petitioner filed his federal habeas petition and the amendment. After accounting for all the periods the statute of limitations ran, petitioner filed the amendment beyond the twelve-month filing period.

Petitioner argues that he only recently became aware of the facts giving rise to the claim and controlling case law. However, petitioner could have become aware of the facts of the probation officer's comments when the officer testified on September 13, 2007, at petitioner's

5

sentencing hearing, and Brady was published in 1963. Furthermore, § 2244 provides that the statute of limitations will run from the latest of these events, which is still when petitioner's conviction became final in 2008. Moreover, petitioner's claims in the motion to amend relating to the DUI charge are moot because the Commonwealth nol prossed this charge, which the circuit court granted after noting good cause. Accordingly, the court denies petitioner's motion to amend the petition as untimely filed.

B.

A federal habeas claim is procedurally defaulted when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. A state procedural rule is "independent" if it does not depend upon a federal constitutional ruling and "adequate" if it is firmly established and regularly or consistently applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

The Supreme Court of Virginia reviewed petitioner's state habeas petition and explicitly dismissed claims one and two pursuant to Slayton v. Parrigan, 215 Va. 27, 305 S.E.2d 680

6

(1974)[3]. The United States Court of Appeals for the Fourth Circuit has "repeatedly recognized that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (internal quotations omitted). Therefore, the Supreme Court of Virginia dismissed these claims pursuant to an independent and adequate state procedural rule, and petitioner procedurally defaulted his claims that his guilty plea was not tendered knowingly nor voluntarily and that his sentence is illegal because the report contained errors and he did not have enough time to review the presentence report.

When a claim is procedurally defaulted, the court may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. Harris, 489 U.S. at 262. The existence of cause ordinarily turns upon a showing of (1) ineffective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). A court does not need to consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Petitioner argues that the court should excuse his procedural default because he wrote the Court of Appeals of Virginia after that court dismissed his appeal, requesting a pro se appeal. However, petitioner allegedly did not hear back from that court. The court finds this argument insufficient to demonstrate cause. The fact that a petitioner is untrained in the law or unfamiliar

---

[3]Slayton requires a defendant to present a federal Constitutional claim during trial and appellate phases or the defendant risks waiving the claim during post-conviction proceedings.

with a court's procedural rules does not provide a basis for establishing cause. See, e.g., Harris v. McAdory, 334 F.3d 665, 668-69 (7th Cir. 2003) (finding that a petitioner's pro se status does not constitute adequate ground for cause). Furthermore, Slayton bars claims that could have been presented at trial or on direct appeal, and petitioner could have raised these issues to the circuit court or the Court of Appeals, regardless of any subsequent attempt to appeal to the Supreme Court of Virginia. Therefore, the court holds that petitioner procedurally defaulted claims (1) and (2) and that he does not demonstrate cause to excuse his default.

C.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."[4] 28 U.S.C. § 2254(a). After a state court addressed the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudications of a claim is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme]

---

[4]Moreover, a federal court "may not grant a writ of habeas corpus to petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Respondent acknowledges that petitioner exhausted his state court remedies for his present claims.

Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings can not be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

Petitioner alleges that his two convictions for destroying property, one a felony and the other a misdemeanor, constitute double jeopardy because the charges arose from the same event. Petitioner also alleges that "prosecutorial misconduct" warrants his release and that police officers' attempt to enter his home to serve civil process violated the Fourth Amendment. Moreover, the prosecutor's request to remand petitioner to pretrial custody without bond allegedly tricked him into pleading guilty. Petitioner further argues that the police officer followed him too closely, in violation of Va. Code § 46.2-816[5], when the officer pursued petitioner during his felony eluding and was "negligent as a matter of law." Petitioner also

---

[5]This statute states, "The driver of a motor vehicle shall not follow another motor vehicle, trailer, or semitrailer more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic on, and conditions of, the highway at the time."

9

alleges that the police officer committed perjury when he testified before a grand jury that petitioner drove over 100 m.p.h. and through a fence, constituting "outrageous government conduct" as cause set aside his conviction. (Pet. 13.)

Petitioner presented these claims to the Supreme Court of Virginia, and that court held that these claims were barred pursuant to Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969), because "a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea." Hensley v. Dir., Dept. of Corr., No. 091250 slip op. at 2 (Va. Dec. 4, 2009) (emphasis added). This ruling is not contrary to, or an unreasonable application of, established federal law. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Implicit in the Supreme Court of Virginia's reliance on Peyton is its finding that petitioner voluntarily and knowingly entered his guilty plea. A review of the trial record establishes that this view is not based on an unreasonable determination of the facts. The circuit court painstakingly reviewed petitioner's rights and mental ability after petitioner acknowledged under oath that he reviewed with his attorney before the guilty-plea hearing the same information on the felony guilty plea form. Petitioner acknowledged his guilt and his preference for pleading guilty, his surrender of procedural rights, his satisfaction with his attorney, his clear state of mind, and the lack of impermissible persuasion or threats. Therefore, petitioner solemnly admitted in open court that he was in fact and desired to plead guilty to the charged offenses and waived his right to challenge the alleged deprivations he now seeks to collaterally attack.

Pursuant to Tollett, petitioner may not challenge these events that occurred before his knowingly and voluntarily entered guilty plea. Accordingly, the Supreme Court of Virginia's adjudication of these claims were not contrary to, or an unreasonable application of, federal law nor based on an unreasonable determination of the facts.

III.

For the foregoing reasons, the court denies petitioner leave to amend the petition and grants the respondent's motion to dismiss. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 26th day of May, 2010.

/s/ James C. Turk
Senior United States District Judge